**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CLAUDE T. ROGERS,**                    )
                                         )
                    **Petitioner,**      )
                                         )
**vs.**                                  )        **Case No. 16-cv-0906-MJR**
                                         )        (Related Case No. 14-cr-30018-MJR)
**UNITED STATES OF AMERICA,**            )
                                         )
                    **Respondent.**      )

**ORDER DENYING PETITION TO**
**VACATE/CORRECT SENTENCE UNDER 28 U.S.C. 2255**

**REAGAN, Chief Judge:**

**A.      Introduction**

        In his underlying criminal case (Case No. 14-cr-30018), Claude Rogers pled guilty
to distributing cocaine base, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C).   In the
written stipulation of facts he executed, Rogers admitted that on two occasions in
September 2013, he sold drugs to a confidential informant in Jersey County, Illinois, that
he knew the drugs contained cocaine base, and that testing by the Illinois State Police
determined that the drugs contained cocaine base.

        In January 2015, after finding that Rogers faced a United States Sentencing
Guidelines imprisonment range of 151 to 188 months, the undersigned sentenced
Rogers to 151 months, followed by a three-year term of supervised release.   Judgment
was entered January 7, 2015.   Rogers appealed, challenging the conditions of his
supervised release.

On January 13, 2015, the Court of Appeals for the Seventh Circuit decided ***United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015)**, which held, *inter alia*, that a sentencing court must consider the factors delineated in 18 U.S.C. 3553(a) and 3583(d) and articulate the reasons for imposing discretionary conditions of supervised release. Based on ***Thompson*** (and the parties' joint motion for remand), the Seventh Circuit vacated Rogers' sentence and remanded for resentencing.

In October 2015, the undersigned resentenced Rogers – again to 151 months in prison on each of the two counts, running concurrently.  Rogers again appealed.  On April 12, 2016, the Seventh Circuit dismissed that appeal on Rogers' motion to voluntarily dismiss, Federal Rule of Appellate Procedure 42(b), and Circuit Rule 51(f) (Doc. 90-1 in Case No. 14-cr-30018; CTA7 Appeal No. 15-3429).

On August 12, 2016, Rogers filed a pro se petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255.  On threshold review of the petition under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned noted that Rogers presented two arguments in his petition, which the Court summarized as follows (Doc. 2, pp. 2-3):

> (1)  Rogers was deprived of effective assistance of counsel **at sentencing** in that defense counsel made "frivolous" objections at the sentencing hearing, failed to object to enhancement of Rogers' sentence as a career offender under § 4B1.1 of the Sentencing Guidelines, failed to challenge the validity of the prior convictions used to conclude that he was a career offender, and failed to argue that Rogers' criminal history was "over-represented" due to the fact his convictions were for small quantities of drugs purchased by a person with a drug habit, not a trafficker or distributor; and

(2)    Rogers was deprived of effective assistance of counsel **on appeal**, because "counsel never fully explained the validity of petitioner signing away his appeal rights" and counsel failed to (as promised) help Rogers file a § 2255 petition.[1]

The threshold review Order asked Rogers to shed light on one issue before the United States responded – *which* attorney (he had several appointed counsel at the trial court and appellate court level) Rogers contends was ineffective on appeal. Rogers was represented in this Court by the Federal Public Defender's Office (initially) and by CJA Panel Attorney Daniel Schattnik (during the change of plea, sentencing, and resentencing hearings). As mentioned above, Rogers had two separate appeals. He was represented by Thomas Patton, Chief Federal Defender, and Elisabeth Pollock, Assistant Federal Public Defender in the first appeal (Appeal No. 15-1088). He was represented by Mr. Patton and Assistant Federal Public Defenders Peter Henderson and Colleen Ramais in the second appeal (Appeal No. 15-3429).

In his petition, Rogers asserts that "counsel never fully explained the validity of petitioner signing away his appeal rights" (Doc. 1, p. 1). The undersigned thought that Rogers was referring to the April 2016 voluntary dismissal of his second appeal (a motion to dismiss which was signed by attorney Ramais) but asked Rogers to confirm. He did. On August 29, 2016, Rogers filed a supplemental brief (Doc. 3) in which he clarified that the argument about his voluntary dismissal of the appeal not being knowingly entered was directed at attorney Colleen Ramais.

---

[1]    A supplemental brief filed by Rogers explains that he is *not* claiming appellate counsel reneged on a promise to file a petition for him. Instead, Rogers mistakenly believed Ramais would help him with a § 2255 petition, and she did not do so (Doc. 3, pp. 3-4).

The United States responded on August 12, 2016.  Rogers declined to file a reply brief by November 7, 2016, as permitted by the Court's briefing schedule.  The issues have been thoroughly discussed, and the matter is fully ripe.  For the reasons stated below, the Court dismisses the petition.

**B.**     <u>**Preliminary Issues**</u>

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether an evidentiary hearing is warranted.  Not every petition warrants a hearing.  ***Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016).**  An evidentiary hearing is not required if the record before the court conclusively shows that the petitioner is entitled to no relief.  ***Mitchell v. United States*, 846 F.3d 937, 941 (7th Cir.  2017),** *citing* **28 U.S.C. 2255(b), and *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015).  *See also Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (to justify a hearing, petition must be accompanied by a detailed affidavit which indicates that the petitioner has actual proof of the allegations going beyond mere unsupported assertions).**  The record before this Court conclusively reveals that Rogers is not entitled to relief, so no hearing is needed.

Next, the Court addresses whether Rogers' petition was timely filed.  It was.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255.  **28 U.S.C. 2255(f); *Purvis v. United States*, 662 F.3d 939, 942 (7th Cir. 2011).**  This one-year period typically runs from the date on which the judgment of conviction became final.  ***Clay v. United States*, 537 U.S. 522, 524 (2003).**

The one-year limitation period is triggered by the latest of four events:

(1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).**  Rogers' § 2255 petition was filed within one year of the date his amended judgment became final.

**C.    Analysis**

**(1)    General Principles**

Relief under § 2255 is limited.  It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice.  *Blake v. United States,* **723 F.3d 870, 879 (7th Cir. 2013),** *cert. denied, -- U.S. --,* **134 S. Ct. 2830 (2014).**  *Accord United States v. Coleman,* **763 F.3d 706, 708 (7th Cir. 2014).**

Rogers contends his right to effective counsel was violated at sentencing and on appeal.  The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of Counsel for his defence." **U.S. CONST. amend. VI.**   The right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *Blake,* **723 F.3d at 879,** *citing*

*Watson v. Anglin,* 560 F.3d 687, 690 (7th Cir. 2009).  *Accord Osagiede v. United States,* 543 F.3d 399, 406 (7th Cir. 2008) ("Ineffective assistance of counsel claims are, of course, brought to vindicate the Sixth Amendment right to counsel, since the right to counsel is the right to *effective* counsel.")  This right is "firmly established" not only at the trial court level[2] but also for a first appeal as of right.  *Vinyard v. United States,* 804 F.3d 1218, 1224 (7th Cir. 2015), *quoting Gray v. Greer,* 800 F.2d 644, 645 (7th Cir. 1986), *citing Evitts v. Lucey,* 469 U.S. 387 (1985).

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy "the familiar two-part test" articulated in *Strickland v. Washington,* 466 U.S. 668 (1984), demonstrating (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Martin,* 789 F.3d at 706, *citing Strickland,* 466 U.S. at 694.  *Accord United States v. Parker,* 609 F.3d 891, 894 (7th Cir. 2010).

As to the first prong of *Strickland,* the petitioner must identify the specific acts of counsel he believes were ineffective *and* overcome a strong presumption that counsel's conduct fell within the wide range of professional assistance.  *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012); *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009), *cert. denied,* 559 U.S. 1023 (2010).  *See also Brown v. Brown,* -- F.3d --, 2017

---

[2]     The right to effective assistance of counsel extends to the plea bargaining process.  *See, e.g., Delatorre v. United States,* -- F.3d --, 2017 WL 451090 (7th Cir. Feb. 3, 2017).  Rogers pled guilty, but his § 2255 petition is not directed toward any aspect of the plea proceeding.  Rather, Rogers takes aim at his sentencing before the undersigned and his appeal before the Seventh Circuit.

**WL 430080, at \*7 (7th Cir. Feb. 1, 2017) (Judicial review of counsel's performance must be undertaken with every effort to eliminate the distorting effects of hindsight).**

As to the second prong of *Strickland*, in the sentencing context, the petitioner must show a reasonable probability that but for counsel's unprofessional errors, there is a reasonable probability that the results of his sentencing hearing would have been different. *Fuller v. United States,* **398 F.3d 644, 650 (7th Cir. 2005),** *citing Berkey v. U.S.,* **318 F.3d 768, 774 (7th Cir. 2003).**

### (2)   Ineffective Assistance Claims as to Sentencing Counsel

Turning to Rogers' allegations regarding ineffective assistance at sentencing, we first examine whether Rogers has satisfied the deficient performance prong of *Strickland*. He has not.

He must show that counsel's representation fell below an objective standard of reasonableness measured against prevailing professional norms. *Gaylord v. United States*, **829 F.3d 500, 506 (7th Cir. 2016).** Acknowledging the broad universe of competent legal strategies and stressing the need to avoid the pitfall of review in hindsight, the Seventh Circuit has held that review of an attorney's performance "is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States*, **755 F.3d 588, 591 (7th Cir.),** *cert. denied,* **-- U.S. --, 135 S. Ct. 501 (2014),** *quoting Yu Tian Li v. United States*, **648 F.3d 524, 527-28 (7th Cir. 2011).** A lawyer's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Vinyard*, **804 F.3d at 1225,** *citing Strickland,* **466 U.S. at 690.** *See also*

*Harris v. United States*, 366 F.3d 593, 596 (7th Cir. 2004) (attorney's decision not to advocate for guideline "safety valve" at sentencing).

The Presentence Investigation Report (PSR) prepared for Rogers' sentencing (Doc. 39, p. 5, in Case No. 14-cr-30018) stated:

> **Chapter Four Enhancement:** The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, which have been identified as Unlawful Delivery of a Controlled Substance (Case No. 01-CF-2985), Unlawful Possession of a Controlled Substance with the Intent to Deliver (Case No. 02-CF-1063), and Unlawful Delivery of a Controlled Substance While Located within 1,000 Feet of School Property (Case No. 09-CF-1154). Therefore, the defendant is a career offender. The offense level for a career offender is 32. USSG §4B1.1.

Appointed defense counsel, Daniel Schattnik, filed a detailed sentencing memorandum asking the Court to closely examine Rogers' criminal history, arguing that it was overrepresented in the PSR. And the sentencing memo urged the Court to take into account the fact that Rogers "was not a big time drug dealer, and was not involved in the possession, sale or delivery or large amounts of drugs. Instead he was a user of cocaine who occasionally possessed or sold small amounts to support his addiction. Even the drug amounts in the instant offense were relatively small…." (Doc. 41, pp. 3-4).

Counsel specifically took issue with one of Rogers' prior convictions – for aggravated battery in Madison County, Illinois (*id.*, p. 4). Counsel asked the Court to sentence Rogers to a level below the Guideline range, based on what he claimed were unique facts such as the law amounts of Rogers' prior drug events (*id.*, p. 6). Schattnik

presented additional arguments based on other sentencing factors in this memo, and also filed a supplemental sentencing memorandum with letters of support for Rogers (Doc. 42). The undersigned adopted the PSR and declined counsel's invitation for a below-Guidelines sentence, instead sentencing Rogers to the low end of the range.

On resentencing (post-**Thompson**), the revised PSR again found that Rogers was a career offender (Doc. 67, p. 10). On September 3, 2015, Schattnik successfully moved the Court for leave to file a new sentencing memorandum (Docs. 74 and 87 in Case No. 14-cr-30018). In that memo (Doc. 74), Schattnik pointedly challenged application of the career offender provision of the Sentencing Guidelines to Rogers. Schattnik questioned the application of the career offender enhancement in the case of a small time dealers or users like Rogers (Doc. 74, pp. 6-7). Schattnik implored the undersigned to "fashion an appropriate sentence … of imprisonment consistent with what [Rogers'] U.S.S.G. range would be, absent the application of the Career Offender provision" (*id.*, p. 8).

Schattnik forcefully articulated these arguments at the October 2015 resentencing hearing, including the argument against sentencing Rogers as a career offender and the challenge to his criminal history category. Schattnik contended that although the points were *properly calculated* under the Guidelines, they overrepresented his client's true criminal history (Transcript of Resentencing, Doc. 88, pp. 14-16, in Case No. 14-cr-30018).

The record before the Court flatly belies the assertion in Rogers' § 2255 petition that Schattnik made frivolous objections at sentencing (or resentencing).[3]  The record guts Rogers' arguments that Schattnik was ineffective in (a) failing to contest Rogers being sentenced as a career offender, (b) failing to challenge the validity of the prior convictions in the PSR, and (c) failing to argue that Rogers' criminal history was overrepresented due to the fact the convictions were for small amounts of drugs bought by an addicted user as opposed to a narcotics trafficker or distributor.  Schattnik raised all these points on Rogers' behalf.

Finding that Rogers has not shown deficient performance by sentencing counsel, the Court need not address whether Rogers has met the prejudice prong of the ineffective assistance test.  This prong requires a petitioner to demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

A reasonable probability means a probability sufficient to undermine confidence in the outcome of the proceeding.  *Walker v. Griffin,* **835 F.3d 705, 709 (7th Cir. 2016).** Rogers has not demonstrated a reasonable probability that (but for Schattnik's alleged subpar performance) Rogers' sentence would have been more favorable or different.[4]

---

[3]      The only "frivolous" argument Rogers identifies is Schattnik's reference to Rogers' father.  There was nothing inappropriate or frivolous about this statement. Schattnik (in discussing the history and characteristics of the Defendant) simply noted that Rogers "had minimal father involvement in his life" and "was on his own at age 19" (Doc. 88, p. 22, in Case No. 14-CR-30018).

[4]      This case stands in marked contrast to *Ramirez v. United States,* **799 F.3d 845, 855 (7th Cir. 2015),** in which defense counsel failed to object to an *error* in the court's Guidelines calculation based on an incorrect career offender designation.

*See, e.g., Fuller,* **398 F.3d at 650 (§ 2255 petitioner had "not elucidated any legitimate objection his counsel failed to make at sentencing that would have resulted in a more favorable sentence," and claim of ineffective assistance of counsel at sentencing was unsupported by "actual proof of his allegations," so petitioner could not meet the threshold requirement to secure an evidentiary hearing on his petition).** The Court now addresses Rogers' claim that his counsel on appeal was ineffective.

> **(3)     Ineffective Assistance Claim as to Appellate Counsel**

Rogers maintains he was deprived of effective appellate counsel, because (a) his lawyer did not fully explain the consequences of voluntarily dismissing the appeal (i.e., that Rogers was "signing away his appeal rights"), and (2) she "didn't explain thoroughly" to him the "applicable laws" for a § 2255 petition and did not help him file a petition, which he mistakenly thought she would do (Doc. 3, pp. 3-4).

After resentencing in this Court, judgment was entered October 28, 2015, and Rogers appealed (Appeal No. 15-3429). Schattnik filed a status report and transcript information sheet, then moved to withdraw as defense/appellant's counsel. On December 9, 2015, the Court of Appeals granted Schattnik's motion to withdraw and ordered Thomas Patton, the Chief Federal Defender in Peoria, Illinois, to represent Rogers on appeal (Doc. 89 in Case No. 14-cr-30018). On February 29, 2016, Colleen Ramais of the Federal Defender's Office in Urbana, Illinois, entered her appearance as an additional attorney representing appellant Rogers. Ramais secured an extension through May 9, 2016 to file the appellant's brief on Rogers' behalf.

On April 12, 2016, Rogers (via motion filed by Ramais) moved to dismiss the appeal with prejudice pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f).  Attached to the motion is a document signed by Rogers (Doc. 15, p. 2, in Appeal No. 15-3429) titled "Defendant's Acknowledgment of Attorney's Motion for Dismissal and Consent to the Dismissal of the Appeal" which states:

> **I have been informed of my attorney's intention to move to dismiss my appeal.  I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal.**

The Court of Appeals granted the motion, dismissed the appeal, and issued a mandate.  Three weeks later, Claude Rogers filed a motion asking the Court of Appeals to reverse the voluntary dismissal, recall the mandate, and let him proceed with the appeal.  In that motion (Doc. 17 in Appeal No. 15-3429), Rogers claimed that Ramais convinced him that there were no issues to present on his behalf on appeal and "didn't really explain the validity of dismissing" the appeal (*id.*, p. 3).  Rogers also claimed that he signed the appeal dismissal "papers" unknowingly and involuntarily (*id.*).  As directed by the Court of Appeals, Ms. Ramais filed a response.

She summarized key facts regarding the course of her representation of and communication with Rogers, including (a) her review of the record, transcripts, and PSR from resentencing, (b) her February 9, 2016 conversation with Rogers in which she advised him that she believed there were no non-frivolous issues for appeal and that if he wished to go forward with the appeal, she would be filing an *Anders* brief; (c) her March 10, 2016 conversation with Rogers in which he asked and she answered a serious of questions, after which Rogers said that "he wanted to dismiss his appeal in favor of

potentially filing a § 2255 motion;" (d) her March 31, 2016 letter to Rogers repeating his options to sign the consent form if he still wanted to dismiss his appeal so *or* call her if he had changed his mind; (e) her April 11, 2016 receipt of Rogers' signed consent to dismiss the appeal; (f) the fact that at no point in any of their communications did Rogers appear confused or incapable of assisting her in his appeal; (g) her May 16, 2016 conversation with Rogers in which he did not identify any issues or raise concerns; and (h) her opinion that Rogers' consent to dismiss was knowingly and voluntarily given. Ramais offered to file an *Anders* brief if the Court of Appeals granted Rogers' motion to reinstate the appeal.  On June 24, 2016, the Court of Appeals denied the motion to recall the mandate and reinstate the appeal (Doc. 5-4, attachment to USA's brief herein).

In the petition now before this Court, Rogers repeats his assertions that Ramais did not fully explain what it meant to voluntarily dismiss the appeal and that she misled or coerced him to believe he had no non-frivolous issues to present on appeal. The record before the Court refutes these contentions.

Ms. Ramais attested in her pleadings filed with the Seventh Circuit that she discussed with Rogers on several occasions the appeal, explained that she had found no valid (non-frivolous) arguments to present on his behalf regarding his sentencing, delineated Rogers' options (e.g., press on with the appeal, albeit with Ramais filing an *Anders* brief, or voluntarily dismiss the appeal), gave him time to consider what he wished to do, and – after he decided to voluntarily dismiss the appeal – offered him a final opportunity to verify that by signing the written consent-to-dismiss form or change his mind and pick up with the appeal.  Nothing in this process was heavy-

handed, rushed, or confusing.  There is no evidence that Rogers was tricked or coerced into believing he had no meritorious issues to appeal.  Nor has Rogers brought to light a non-frivolous argument which Ramais had a duty to present for him on appeal.

> Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has "no duty to make a *frivolous* argument," *United States v. Rezin,* 322 F.3d 443, 446 (7th Cir.2003) (emphasis in original), and indeed is barred by the rules of professional ethics from doing so, *see Smith v. Robbins,* 528 U.S. 259, 272, 120 S. Ct. 746, 145 L.Ed.2d 756 (2000).

*Fuller,* **398 F.3d at 652.** *See also Vinyard,* **804 F.3d at 1225 (An attorney need not raise every possible non-frivolous claim in an appeal, and the "decision not to file a notice of appeal at all will be appropriate if the lawyer has consulted adequately with her client about the decision.").**

The record before this Court kiboshes the arguments that appellate counsel was ineffective in "not explaining" the dismissal, that Rogers was misled into the voluntary dismissal, or that he did not appreciate what he was signing.  That leaves the argument that appellate counsel was constitutionally ineffective by not assisting Rogers with his subsequent § 2255 petition.  This argument is a nonstarter.

Rogers cites, and the Court knows of, no authority for the proposition that counsel appointed to represent a defendant on direct appeal in a criminal case owes a duty to assist the defendant in a later-filed civil § 2255 proceeding (which often is filed up to a year post-sentencing).  The statute which authorized appointment of counsel for Rogers – 18 U.S.C. 3006A – states that representation lasts from a defendant's initial appearance in the criminal case "through appeal, including ancillary matters

appropriate to the proceedings." **18 U.S.C. 3006A(c).** CJA appointments conclude with the resolution of the defendant's direct appeal in the criminal case. Rogers cites no caselaw for the idea that the filing of a civil habeas petition under 28 U.S.C. 2255 falls within this scope of CJA representation. It is "well established that a criminal defendant enjoys this right to counsel through his first appeal of right, … but that, once the direct appeal has been decided, the right to counsel no longer applies." *Kitchen v. United States,* **227 F.3d 1014, 1018 (7th Cir. 2000).**

Simply put, Ms. Ramais' duties to her client did not include counseling him regarding a § 2255 petition or helping him file a § 2255 petition presenting claims that she and sentencing counsel were ineffective. No ineffective assistance of counsel claim lies on this ground. Even if the Court could find something deficient in Rogers' representation, which it does not, Rogers has not shown prejudice from that deficiency – he timely filed a § 2255 petition which survived summary review and proceeded through full briefing in this Court.

The Seventh Circuit recently reiterated that as to deficient performance:

The central question in this analysis is not whether counsel's conduct "deviated from best practices or most common custom," but instead, "whether an attorney's representation amounted to incompetence under prevailing professional norms." *Sussman v. Jenkins,* 636 F.3d 329, 349-50 (7th Cir. 2011)…. In other words, a counsel's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *McAfee v. Thurmer,* 589 F3d. 353, 355-56 (7th Cir. 2009) (quoting *Dean v. Young,* 777 F.2d 1239, 1245 (7th Cir. 1985)). It must merely be reasonably competent.

*Delatorre v. United States,* **-- F.3d --, 2017 WL 461090, *5 (7th Cir. Feb. 5, 2017).**

In this case, Rogers has not shown any constitutional deficiency in the representation he received from sentencing counsel or appeal counsel.  And he has not identified any prejudice he suffered due to the alleged shortcomings of his attorneys – i.e., a reasonable probability that, but for counsel's errors, the result of the proceedings would have differed. He has pointed to no error of constitutional or jurisdictional magnitude or fundamental defect which resulted in a complete miscarriage of justice, so as to justify the grant of relief under § 2255.

**D.**     **Conclusion**

The Court hereby **DENIES** Rogers' petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 (Doc. 1).[5]   The Clerk of Court shall enter judgment in favor of Respondent United States of America and against Petitioner Rogers.

**E.**     **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability.  28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  This standard requires the petitioner to demonstrate that reasonable jurists

---

[5]     A final point bears mention.  On September 20, 2016, Rogers sent the undersigned a two-sentence letter saying he (Rogers) believed he qualified for "the (2) Points Deduction" (he did not say *what* this referred to) and asking the Court to appoint him counsel.  In a detailed 3-page Order (Doc. 91 in Case No. 14-cr-30018), the undersigned explained that directly writing a Judge (without copying in the opposing party/counsel) is not the proper way to request relief, and if Rogers was trying to pursue a sentence reduction under 18 U.S.C. 3582 via Amendment 782 to the U.S. Sentencing Guidelines, he should file a motion. Rogers never did so.

could debate whether the petition should have been resolved in a different manner or that the "issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* **537** U.S. **322, 336 (2003)**, *quoting Slack v. McDaniel,* **529** U.S. **473, 484 (2000).** *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

Petitioner Rogers has failed to demonstrate constitutionally deficient performance by his counsel or prejudice resulting to him from any failing he ascribes to counsel.  For this reason, Rogers is not entitled to relief under 28 U.S.C. 2225.  Reasonable jurists would not find this conclusion debatable.  Because Rogers failed to make a substantial showing of the denial of a constitutional right, the Court **DECLINES TO ISSUE** a certificate of appealability.   The Clerk of Court shall send a copy of this Order directly to Petitioner Rogers

IT IS SO ORDERED.

DATED: February 24, 2017.

<u>*s/ Michael J. Reagan*</u>
Michael J. Reagan
United States District Judge